IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRYEL D. BURT, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL J. ASTRUE, | : | NO. 08-1427 |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

BUCKWALTER, S.J.                                                                                                                              April 6, 2011

Currently pending before the Court is Plaintiff Chryel Burt's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). For the following reasons, the Motion is granted and Plaintiff is awarded attorney's fees in the amount of $8,045.75, plus filing fee costs of $350.

### I. PROCEDURAL BACKGROUND

Plaintiff originally filed her application for Disability Insurance Benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401, et seq., on December 10, 1999. The state agency denied her application and she appeared before an Administrative Law Judge ("ALJ") on October 21, 2000. On February 22, 2001, the ALJ issued a decision finding Plaintiff limited to sedentary work and incapable of returning to her past relevant work, but capable of performing other substantial gainful activity. The Appeals Council affirmed the denial of benefits on November 2, 2001, thereby making the decision ripe for judicial review. Plaintiff commenced a civil action and, on January 7, 2003, this Court issued a remand directing the ALJ to (1) hold a second hearing; (2) include the assessment of Plaintiff's physical abilities by consultative examiner Dr. Gordon in a hypothetical

question to the vocational expert to determine whether there were sedentary jobs that Plaintiff could perform; and (3) consider consulting a medical expert to testify regarding Plaintiff's fibromyalgia.

At the second administrative hearing, a different ALJ consulted a medical expert, but failed to present Dr. Gordon's assessment in a hypothetical question to the vocational expert. On February 17, 2005, the ALJ concluded that Plaintiff retained the residual functional capacity to perform a limited range of light work. The Appeals Counsel again denied review and, on March 19, 2008, Plaintiff commenced a second civil action in federal court. Plaintiff filed her Request for Review on October 26, 2009 and, on November 25, 2009, the Commissioner responded with a Motion to Voluntarily Remand the case for further administrative proceedings. Specifically, the Commissioner indicated that an ALJ should consider the opinion of consultative examiner Dr. Gordon and address a hypothetical to the vocational expert incorporating Dr. Gordon's opinion. Plaintiff, however, opposed this Motion and sought reversal and calculation of benefits in lieu of a remand for a new hearing. Among other bases for her opposition, Plaintiff contended that the second ALJ violated the law of the case doctrine by finding that Plaintiff could perform light work, when the first ALJ originally found that she was limited to sedentary work.

The case was referred to Magistrate Judge M. Faith Angell, who held oral argument on March 31, 2010. By way of Report and Recommendation dated November 16, 2010, Judge Angell rejected Plaintiff's various arguments and recommended that the matter be remanded for an ALJ to consider the opinion of consultative examiner Dr. Gordon. Plaintiff filed no objections and, on December 8, 2010, this Court approved the Report and Recommendation and remanded the case for further proceedings.

On February 25, 2011, Plaintiff filed an application for attorney's fees under the EAJA, seeking a total of $7,756.75 plus filing fee costs of $350. The Commissioner responded, requesting that the Court reduce the allowable fees to $4,916.75. On March 24, 2011, Plaintiff filed a Reply

2

Brief opposing the Commissioner's arguments and seeking an additional fee award of $289 for time spent responding to part of the Commissioner's brief. The matter is now ripe for the Court's consideration.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2412(b):

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

Id. The United States Supreme Court has explained that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

The EAJA permits awards of attorney's fees only to the extent they are reasonable. Citizens Council of Del. Cnty. v. Brinegar, 741 F.2d 584, 594-95 (3d Cir. 1984). The party seeking attorney's fees thus has the burden to prove that its request is reasonable. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990); Walton v. Massanari, 177 F. Supp. 2d 359, 361 (E.D. Pa. 2001). "To meet its burden, the fee petitioner must 'submit evidence supporting the hours worked and rates claimed.'" Rode, 892 F.2d at 1183 (quoting Hensley, 461 U.S. at 433). A party seeking attorney fees "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley, 461 U.S. at 434. When evaluating a request

for fees, the Court should exclude hours that were not reasonably expended. Rode, 892 F.2d at 1183. Although the district court retains discretion to adjust the amount of the fee award, Barry v. Astrue, No. CIV.A.05-1825, 2007 WL 2022085, at *5 (E.D. Pa. July 9, 2007), it is well-settled that "the district court may not award less in fees than requested unless the opposing party makes specific objections to the fees requested." United States v. Eleven Vehicles, Their Equip. & Accessories, 200 F.3d 203, 211 (3d Cir. 2001).

## III. DISCUSSION

In the present case, Plaintiff seeks attorneys fees in the total amount of $8,045.75 plus filing fees in the amount of $350, representing a total of 45.33 hours at a rate of $177.50 per hour. The Commissioner objects to sixteen of those hours on the basis of two separate grounds. First, the Commissioner challenges the amount of time spent in preparation of Plaintiff's Request for Review in this Court. Second, the Commissioner claims that any time spent by Plaintiff's counsel opposing the Commissioner's Motion to Remand (10 hours) was excessive and unnecessary.

### A. **Excessive Time Spent on Briefing**

The Commissioner first claims that the amount of time expended drafting Plaintiff's Request for Review was unreasonable because approximately one-third of the thirty-page brief contained text copied verbatim from other briefs submitted by Plaintiff's counsel in other matters before this Court. As such, the Commissioner seeks a deduction of six hours, or slightly less than one-third of the amount of time spent on the brief.

It is well-settled that where an attorney is experienced in the social security field in general or in the particulars of the case at issue, the Commissioner is entitled to "additional efficiency." Highsmith v. Barnhart, No. CIV.A.04-801, 2006 WL 1582337, at *6 (E.D. Pa. June 7, 2006). Therefore, where arguments on appeal of such a case are verbatim recitations of arguments

4

previously made during administrative proceedings, attorney's fees may be reduced. Id. By the same token, however, when an experienced social security attorney has not previously represented this client during administrative proceedings, the attorney is not as well-versed in the particulars of the case and thus may justifiably need additional time. See Forsythe v. Astrue, No. CIV.A.07-266, 2008 WL 4683436, at *5 (W.D. Pa. Oct. 22, 2008); see also Sommerville v. Astrue, 555 F. Supp. 2d 1251, 1254 (D. Kan. 2008) (declining to reduce fees on ground that "this court will not disregard time honestly spent working on the brief simply because the attorney preparing it is experienced").

While no court has, or could, establish a broad-sweeping rule as to what constitutes a reasonable amount of time for briefing a social security appeal, several cases have offered helpful standards. For example, in Walton v. Massanari, 177 F. Supp. 2d 359 (E.D. Pa. 2001), the court found – citing to a prior Third Circuit decision – that two to three hours per page was reasonable. Id. at 364-65. Similarly, in Neal v. Astrue, 741 F. Supp. 2d 729 (W.D. Pa. 2010), the court found that twenty-eight and a half hours for a twenty-six page brief on summary judgment was not unreasonable or excessive. Id. at 722-23. Finally, in Wirth v. Barnhart, 325 F. Supp. 2d 911 (E.D. Wis. 2004), the court found thirty hours spent on a main brief by experienced social security counsel to be reasonable, even where the applicable law was well-settled. Id. at 915.

In the present matter, Plaintiff's counsel submitted an almost thirty-page brief in support of the Motion for Summary Judgment. Approximately nine pages of that brief were copied verbatim from other briefs filed by counsel in other social security cases in which he was counsel of record. Nonetheless, the Court does not find that such duplication warrants any fee deduction for several reasons. First, the duplicated sections were simply cut-and-paste versions of developed and well-settled law. Almost any efficient and experienced attorney takes advantage of previously-written statements of law or standards of review when the law has been neither superseded nor substantively

5

altered. Indeed, the Court notes that Commissioner's counsel is frequently guilty of the same efficiencies. Second, the brief clearly reflects counsel's significant effort in scouring the administrative record to provide detailed factual support on six separate legal issues, highlighting alleged deficiencies in the administrative decision. While the legal issues themselves were not necessarily complex, the identification of issues under the relevant principles and operative facts required counsel's knowledge and experience – a point which the Commissioner does not dispute. Third, counsel's task was complicated by his non-involvement in the lengthy prior administrative proceedings, thereby requiring him to advocate in unfamiliar territory. Fourth, although not succeeding on all issues, counsel clearly obtained a favorable result for his client. Finally, even subtracting the nine duplicated pages from the total, Plaintiff's counsel provided at least twenty-one new pages of briefing, meaning that he spent just over one hour per page. Under the standards within the Third Circuit, such time is clearly not excessive or unreasonable. Accordingly, the Court declines to deduct any of these requested fees.

### B. Special Circumstances

The Commissioner next objects to the ten hours requested by Plaintiff for time spent opposing the Commissioner's Motion to Remand. Because Plaintiff did not obtain any additional relief by these efforts, the Commissioner argues that such time was excessive and unnecessary. In turn, the Commissioner reasons that the "special circumstances" provision of the EAJA is satisfied, thus making this portion of the award unjust.

As noted above, the EAJA provides that a court shall award attorney's fees and expenses to a prevailing party in a civil action against the United States, unless "the court finds that the position of the United States was substantially justified *or that special circumstances make an award unjust*." 28 U.S.C. § 2412(d)(1)(A) (emphasis added). With respect to this "special circumstances"

6

prong, "the statute 'explicitly directs a court to apply traditional equitable principles in ruling upon an application of counsel fees by a prevailing party.'" United States v. 27.09 Acres of Land, 43 F.3d 769, 772 (2d Cir. 1994) (quoting Oguachuba v. I.N.S., 706 F.2d 93, 98 (2d Cir. 1983)). "The court, in its discretion, may reduce the amount to be awarded . . . or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C); see also Comm'r, I.N.S. v. Jean, 496 U.S. 154, 161 (1990).

A review of the jurisprudence on this issue reveals mixed decisions as to whether attorney's fees may be recovered for time spent after a plaintiff rejected the Commissioner's offer of remand, where remand is the ultimate remedy obtained. Some courts have found, on the particular facts before them, that the additional time expended on efforts to oppose remand in favor of an award of benefits was non-compensable under the EAJA. See, e.g., Schroeder v. Barnhart, No. CIV.A.98-6152, 2002 WL 31452428, at *2-3 (S.D.N.Y. Jan. 22, 2002) (where plaintiff should have recognized that the controlling case law warranted remand and that remand was voluntarily offered by the Commissioner, plaintiff's rejection of the Commissioner's proposal and motion for judgment on the pleadings prolonged the litigation and failed to gain any relief beyond that initially sought and ultimately offered; accordingly fees resulting from opposition to Commissioner's motion to remand were denied); Tavarez v. Comm'r, Soc. Sec. Admin., No. CIV.A.00-4317, 2001 WL 936240, at *3 (S.D.N.Y. Aug. 17, 2001) (denying fees where plaintiff failed to realize that conflicting evidence warranted remand); Hernandez v. Apfel, No. CIV.A.96-7231, 2001 WL 118604, at *2-3 (S.D.N.Y. Feb. 8, 2001) (holding that where it was unreasonable on the record for plaintiff to expect an outright reversal, and where the Commissioner promptly acknowledged the ALJ's error and sought to correct it, plaintiff's motion to recover attorney's fees expended to oppose

7

defendant's motion for remand must be denied); McLaurin v. Apfel, 95 F. Supp. 2d 111, 116 (E.D.N.Y. 2000) ("Since plaintiff could not have reasonably expected to prevail on her motion for a remand for benefits or her request for specific directives limiting the scope of review and assigning a new ALJ, I conclude that the time that plaintiff expended opposing the Commissioner's motion to remand was unnecessary and thus that these hours should be excluded from the fee calculation.").

By contrast, other cases have recognized that situations may exist where unsuccessfully opposing a voluntary remand was reasonable and fees expended in that effort should be reimbursed. See, e.g., Holmes v. Astrue, No. CIV.A.08-1829, 2010 WL 3220085, at *4 (D.S.C. Aug. 12, 2010) ("Although the court rejected Plaintiff's position as to remand based on ambiguity in the record regarding the merits, it is persuaded that the closeness of the question combined with the prior extreme delay – over six years – justified Plaintiff's opposition to remand. For these reasons, the court disagrees with the Commissioner that the hours spent opposing remand were unreasonably expended and awards Plaintiff attorney's fees for those hours."); Harris v. Astrue, 701 F. Supp. 2d 410, 413 (E.D.N.Y. 2010) (holding that Plaintiff was entitled to attorney's fees incurred after voluntary offer of remand, where offer came after action was commenced, months after defendant's answer was filed, after summary judgment papers had been prepared and sent to defense counsel on an informal basis, and after counsel had expended more than twenty-five hours prosecuting action, and where argument for remand to calculate benefits was not wholly without merit); Pereira v. Astrue, 739 F. Supp. 2d 267, 271 (E.D.N.Y. 2010) (awarding fees and finding that although plaintiff opposed motion for voluntary remand, "it was not unreasonable or frivolous of him to seek a remand only for the purpose of calculating benefits"); Uphill v. Barnhart, 271 F. Supp. 2d 1086, 1092 (E.D. Wis. 2003) ("If counsel has a reasonable chance of obtaining benefits from the court, without another round of administrative proceedings (and the attendant delay), he or she should be

encouraged to pursue that remedy.").

In the present case, the Court finds that although Plaintiff was unsuccessful in opposing the Commissioner's motion for remand and in seeking reversal for calculation of benefits, the time expended in doing so was not unreasonable. First, the Commissioner's offer to voluntarily remand was not immediately forthcoming in this case. Rather, Plaintiff was required to file a lengthy and detailed Request for Review on October 26, 2009 in this Court. Thereafter, one month lapsed with no activity on the Commissioner's part. At the end of November 2009 – only after Plaintiff's counsel had expended considerable effort on seeking a reversal for calculation of benefits – the Commissioner then moved for remand.

Second, Plaintiff's opposition to the Motion for Remand was not wholly baseless. Plaintiff contended that the law of the case doctrine dictated that the first ALJ's limitation of Plaintiff's residual functional capacity to sedentary work required the second ALJ to adopt the identical limitation. In support of this claim, Plaintiff made a rational and moderately persuasive argument to factually distinguish the unpublished Third Circuit opinion relied upon by the Commissioner. Had the District Court accepted this argument and then applied the consultative examiner's findings, a finding of disability could have been made on the current record. The fact that this argument was ultimately rejected does not mean it was outside of the bounds of reasonable advocacy to advance it.

Third, and perhaps most importantly, the Court is substantially persuaded by the convoluted procedural background of this case. Plaintiff originally filed her application for benefits on December 10, 1999 – almost exactly a decade prior to her opposition to the voluntary remand. She has had two administrative hearings before different ALJs. The second ALJ blatantly disregarded the direct mandate on remand that the opinion of a consultative examiner be included in a hypothetical question to a vocational expert. As a result, Plaintiff was forced to commence this

second civil action and now faces a third administrative hearing. If ultimately deemed disabled, Plaintiff will have waited approximately twelve years for her benefits. Given this background, Plaintiff's counsel's expenditure of three hours to brief a request for an outright award of benefits, followed by an additional six and a half hours for various court proceedings in connection with that brief is clearly acceptable. Indeed, such efforts are representative of the zealous and responsible advocacy desired to ensure that cases like Plaintiff's do not fall through the cracks.

In short, the combination of (a) the Commissioner's failure to immediately recognize the defect in the second ALJ's decision; (b) the reasonableness of Plaintiff's argument that the law of the case required reversal; and (c) the extreme delay of more than ten years justified Plaintiff's opposition to remand. Accordingly, the Court declines to exclude from Plaintiff's attorneys fee award the hours spent on that effort.

### C. Who Obtains the Award

The final argument in the Commissioner's brief urges that the award of EAJA fees should be made payable to Plaintiff and not her counsel. The Court agrees. Section 2412(d)(1)(A) of 28 U.S.C. states that courts "shall award to a prevailing party . . . fees and other expenses . . . incurred by that party." Id. In the recent case of Astrue v. Ratliff, the United States Supreme Court definitively held that "the term 'prevailing party' in fee statutes is a 'term of art' that refers to the prevailing litigant." 130 S. Ct. 2521, 2525 (2010). In turn, it rejected any argument that an attorney is directly entitled to an award of fees and concluded that "the statute's plain text . . . 'awards' the fees to the litigant, and thus subjects them to a federal administrative offset if the litigant has outstanding federal debts." Id. at 2527. In light of this controlling interpretation of the statute, the

Court awards the attorneys fees directly to Plaintiff.[1]

### D. Conclusion

In sum, the Court finds that the attorneys fees requested by Plaintiff are reasonable and that no special circumstances exist on which a fee reduction is justified. Accordingly, the Court awards to Plaintiff fees in the amount of $8,045.75,[2] plus filing fee costs of $350.

---

[1] Plaintiff cursorily remarks that she has assigned the fees to her attorney, thus making the fees directly payable to her attorney. As persuasively noted by one of our sister courts, however, "[a]n assignment made prior to the award of attorneys fees necessarily violates [the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727] because the claim has not been allowed, the amount of the claim is not decided and a warrant for payment of the claim has not been issued." Hartage v. Astrue, No. CIV.A.09-48, 2011 WL 1123457, at *5 (M.D. Ga. Feb. 15, 2011). In this case, the purported assignment by Plaintiff to her counsel was made prior to the award of attorneys fees, meaning that it contravenes the Anti-Assignment Act. Such an assignment thus does not allow Plaintiff's counsel to directly receive the court-awarded EAJA fees.

[2] This amount represents the $7,756.75 originally requested in the fee petition, plus an additional $289 for the approximately 1.6 hours Plaintiff's counsel expended in responding to the Commissioner's argument regarding excessive time spent on the Petition for Request for Review. Such time is more than reasonable and has not been objected to by Defendant. Plaintiff does not seek fees for responding to the Commissioner's "special circumstances" argument, as she recognizes the wealth of conflicting authority on this issue.